UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONNY JASON BAUER | CIVIL ACTION |
| VERSUS | NO. 22-1008 |
| OFFICER FRANCIS, ET AL | SECTION "L"(4) |

## ORDER & REASONS

Before the Court is Defendants' Motion for Summary Judgment. R. Doc. 48. Plaintiff filed a response in opposition. R. Doc. 52. After reviewing the motion, briefing, record, and applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises out of alleged negligence and sexual harassment by all Defendants to Plaintiff Tonny Jason Bauer. R. Doc. 12 at 6. Plaintiff is currently incarcerated at the Jefferson Parish Correctional Center and was at the time of the alleged incident. *Id.* at 4. Plaintiff alleges that in early March 2022, on the day haircuts were happening, Defendant Francis touched Plaintiff's buttocks inappropriately when he went to wake him up. *Id*. at 6. After the incident, Plaintiff alleges he told Defendant Carters about the incident, who allegedly informed Plaintiff that internal affairs would speak with him, but Plaintiff claims they never did so. *Id*. Defendant Carters also allegedly told Plaintiff the cameras on his dorm would be checked, however Plaintiff says there are none in his dorm. *Id*. Plaintiff alleges that on May 24, 2022, he was called to speak with Defendant Williams who tried to convince him that the touching was an accident. *Id*. Plaintiff also details several incidents, some violent, which allegedly occurred that he speculates could have been prevented had his reporting been dealt with appropriately. *Id*. at 6-7.

1

Plaintiff brought suit against Defendants, asserting negligence and harassment. *Id.* at 8. He seeks damages including, but not limited to: (1) claims to be appropriately dealt with; (2) cameras installed; and (3) pain and suffering, emotional distress, and PTSD. *Id.*

Defendants generally deny Plaintiff's allegations and assert a number of affirmative defenses, including: (1) failure to state a claim; (2) all actions taken were reasonable under the circumstances and do not support a claim through vicarious liability or respondeat superior; (3) contributory or comparative fault; (4) this Court does not have jurisdiction as the amount in controversy does not exceed $75,000; (5) Complaint fails to state a proper claim for relief under the Constitution or a U.S. statute; and (6) Plaintiff's claims are frivolous, groundless, and unreasonable. R. Doc. 9 at 2-4.

## II.     PRESENT MOTION

Defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust the administrative remedies available to him and, alternatively, Plaintiff fails to allege constitutional violations. R. Doc. 48-1. Defendants argue that the Prison Litigation Reform Act of 1995 (PLRA) applies to this case and the PLRA requires an incarcerated plaintiff to exhaust the administrative remedies available to them before filing suit, lest they risk their suit's dismissal with prejudice. *Id.* at 5-10 (citing *Johnson v. Louisiana ex rel Louisiana Dep't of Public Safety & Corrections*, 468 F.3d 278, 281 (5th Cir. 2006)). Defendants describe the Louisiana grievance process's two-step framework and argue that Plaintiff failed to complete step two, thus he did not exhaust the remedy and the Court must dismiss his complaint. *Id.* at 8-10. Alternatively, Defendants argue (1) Plaintiff cannot show a constitutional violation for sexual harassment (as alleged in ¶1 of the complaint), (2) Plaintiff does not have standing to sue for harm imposed on another inmate (as alleged in ¶3 of the complaint), (3) Plaintiff cannot show a constitutional

violation for failure to protect him from another inmate (as alleged in ¶4 of the complaint), and (4) Plaintiff cannot show a constitutional violation for harassment (as alleged in ¶5 of the complaint).

Plaintiff filed an opposition in which he asserts he did file a grievance form and includes the grievance and the Sheriff's Office's response as Exhibit 2. R. Doc. 52-2. He does not address the exhaustion argument or any other legal argument presented by Defendants.

### III.   APPLICABLE LAW

#### a. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

When a plaintiff appears pro se, courts tend not to hold their pleadings to the same strict standards as pleadings drafted by counsel: courts "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). The Fifth Circuit "has consistently held that the Federal Rules of Civil Procedure and the relevant local rules of the district court are sufficient to provide pro se litigants with notice of the requirements of summary

judgment" and that district courts are not required to inform pro se litigants of the required summary judgment procedures. *Hale v. Burns Int'l Security Services Corp.*, 72 F. App'x 100, 101 (5 th Cir. 2003). If the nonmovant fails to respond to the motion, a court may not "enter a 'default' summary judgment" for the movant, however a court is permitted "to accept [movant's] evidence as undisputed." *Preston v. Hertz Corp.*, 2003 WL 22938921, at *1 (N.D. Tex. Nov. 26, 2003); *Thorn v. RaceTrac Petroleum Inc.*, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) ("After [pro se plaintiff] failed to file a timely response, the district court was entitled to accept as undisputed the facts offered in support of [defendant's] summary-judgment motion.").

      b. **PLRA**

The Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Fifth Circuit enforces the exhaustion requirement stringently. *See Gonzalez v. Seal*, 702 F.3d 785, 786 (5th Cir. 2012) (reversing a district court's denial of summary judgment on the exhaustion issue because the Fifth Circuit "find[s] that pre-filing administrative exhaustion is required"); *Johnson v. Louisiana ex rel Dep't of Public Safety and Corrections*, 468 F.3d 278, 280 (5th Cir. 2006) ("The administrative remedies . . . were available to Johnson in November 2004, and he was required to exhaust these remedies under the PLRA."); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (upholding the district court's dismissal on the basis that Richardson failed to exhaust administrative remedies because "[t]he prison regulations explicitly state that a prisoner 'must' file a disciplinary appeal in this situation" and Richardson did not file a disciplinary appeal).

In Louisiana, a person who is incarcerated must complete a two-step process to exhaust their administrative remedies under the PLRA. First, they must send a letter (or "any form of written communication which contains the phrase: 'This is a request for administrative remedy' or 'ARP'") to the warden of the institution within ninety days of the alleged incident. LA. ADMIN. CODE tit. 22, § 325(G). Next, if the issue is not resolved, the prisoner appeals "to the secretary of the Department of Public Safety and Corrections" indicating their dissatisfaction with the results of step one. LA. ADMIN. CODE tit. 22, § 325(J)(b). The secretary must send a response within 45 days of receipt of the appeal and if the prisoner is still dissatisfied, they have exhausted their administrative remedy and may file suit in district court. *Id.*

## IV. DISCUSSION

Defendants argue that Plaintiff did not complete the two-step grievance process as required by the PLRA and thus urge the Court to dismiss Plaintiff's complaint in its entirety. R. Doc. 48. Defendants aver that Plaintiff completed the first step by filing his grievance with the warden, but that upon receiving a dissatisfactory result he failed to appeal as required by § 325(J)(b). R. Doc. 48-1 at 12.

Defendants also argue alternatively that Plaintiff fails to set forth constitutional violations occurred as a result of the touching, the failure to protect him from harm, or harassment, and that he lacks standing to sue for the harm imposed on another inmate. Because the Court decides this motion on the basis of administrative exhaustion, it will not address Defendants' alternative arguments.

Plaintiff does not dispute Defendants' characterization of his failure to exhaust his administrative remedies, and in his response, he stated only that he did file a grievance form, initiating step one, and that he received a response to this grievance form five months after filing.

5

R. Doc. 52. Importantly, the signature line for requesting administrative review of the step one results is unsigned, indicating that Plaintiff did not pursue step two of the grievance process. *See* R. Doc. 52-2 at 2.

Based on the evidence in the record, Plaintiff did not pursue step two to appeal the response to his grievance and therefore did not exhaust his administrative remedies. For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

New Orleans, Louisiana, this __29th__ day of August, 2023.

_____
United States District Judge